UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER, | No. 2:15-cv-307-EFB P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| DIRECTOR OF CDCR, | |
| Respondent. | |

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  The court has reviewed the petition as required by Rule 4 of the Rules Governing Section 2254 Proceedings, and finds that it must be summarily dismissed.  *See* Rule 4, Rules Governing § 2254 Cases (requiring summary dismissal of habeas petition if, upon initial review by a judge, it plainly appears "that the petitioner is not entitled to relief in the district court").

Federal courts offer two main avenues to relief on complaints related to one's imprisonment – a petition for habeas corpus pursuant to 28 U.S.C. § 2254, and a civil rights complaint pursuant to 42 U.S.C. § 1983.  Challenges to the validity of one's confinement or the duration of one's confinement are properly brought in a habeas action, whereas requests for relief turning on the circumstances of one's confinement are properly brought in a § 1983 action.

---

[1] Petitioner's application to proceed in forma pauperis (ECF No. 13) is granted.  *See* 28 U.S.C. § 1915(a).

*Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)); *see also* 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."); Advisory Committee Notes to Rule 1 of the Rules Governing § 2254 Cases.

The claims in this case arise from petitioner's assignment to "C-status." Petitioner claims he was placed on C-status without due process or equal protection of the laws. He also claims that his placement on C-status violated the terms of a plea agreement regarding a prior rules violation report. As a result of the change in his classification, petitioner's personal property was confiscated, he lost phone privileges for 30 days, and he lost yard-time for 60 days. Petitioner seeks the return of his personal property though this action. This habeas action must be summarily dismissed because petitioner's claims concern only the conditions of his confinement. They do not sound in habeas because they do not concern the validity or duration of his confinement.

Accordingly, IT IS HEREBY ORDERED that petitioner's application to proceed in forma pauperis (ECF No. 13) is granted and the Clerk of the Court shall randomly assign a United States District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice to filing a civil rights action pursuant to 42 U.S.C. § 1983 and that all outstanding motions be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated:  August 26, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE